
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GEORGE L. WEBBER,<br>    Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:10-CV-511-Y |
| REBECCA TAMEZ, WARDEN,<br>FCI-FORT WORTH,<br>    Respondent. | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner George L. Webber, Reg. No. 14047-045, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. Procedural History

On June 13, 2001, pursuant to a plea agreement, Webber pled guilty to one count of distributing cocaine base ("crack cocaine") in an amount of five grams or more, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), in the United States District Court for the Western District of Missouri, Kansas City Division. (Resp't App., Exh. 1) On June 23, 2004, Webber, who has five drug-related felony convictions in the State of Kansas, was sentenced as a career offender to a term of 192 months' imprisonment. (Pet'r Mem. at 1 & Exh. A) Notwithstanding his waiver of his right to challenge his conviction and sentence, directly or collaterally, Webber appealed and sought postconviction relief *via* § 2255 motion, Rule 60(b) motion, and 18 U.S.C. § 3582(c), to no avail. (Resp't App, Exh. 3) *See also United States v. Webber*, PACER, U.S. Party/Case Index, Criminal Docket for # 4:01-CR-00082-HFS-1. Webber filed this federal petition wherein he challenges his enhanced sentence under § 2241 in this division, where he is currently incarcerated. The government has filed a motion to dismiss the petition for lack of jurisdiction.

## D. Discussion

In an effort to have his sentence vacated and his case remanded for resentencing, Webber alleges he is actually innocent of being a career offender because his prior Kansas convictions should not have been considered to enhance his current federal sentence under the provisions of U.S.S.G. § 4B1.1, in light of the Supreme Court decision in *Begay v. United States*, 553 U.S. 137 (2008). According to Webber, the Missouri district court "erroneously found that [his] state drug offenses were drug trafficking offenses as defined pursuant to U.S.S.G. § 4B1.2," when the offenses were merely state health code violations. (Pet'r Mem. at 2-7)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). And, as Webber acknowledges, § 2255 is the

primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Webber cannot satisfy the savings clause requirements.

To the extent Webber claims he is entitled to resentencing under *Begay*, it is questionable whether *Begay* applies in this case. The decision in *Begay* involved the determination of which crimes constitute crimes of violence for purposes of being classified as a career offender under the Armed Career Criminal Act in 18 U.S.C. § 924(e)(1) and (e)(2)(B). On the other hand, Webber was designated a career offender under U.S.S.G. § 4B1.1, which provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

3

A "controlled substance offense" is defined under U.S.S.G. § 4B1.2 as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The Missouri district court considered Webber's claim in his rule 60(b) motion and determined that *Begay* and related cases do not change the law applicable to defining drug offenses. (Resp't App., Exh. 4) The undersigned agrees that *Begay* has no application to this case. Even if *Begay* is applicable to the case and *Begay* stated a new rule of constitutional law, neither the Supreme Court nor the Fifth Circuit has held *Begay* applies retroactively to cases on collateral review. This court is not bound by other circuit case law that holds otherwise. *See, e.g., Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010) (holding rule in *Begay* is retroactively applicable to cases on collateral review); *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010), *pet. filed*, 79 USLW 3129 (No. 10-314) (holding rule in *Begay* is retroactively applicable to cases on collateral review).

Further, Webber neither claims that he is actually innocent of the underlying federal offense of distributing cocaine base, to which he pled guilty in the Missouri district court, nor of the offenses for which he was convicted in the State of Kansas that were relied upon in formulating the plea agreement he entered into whereby he was identified as a career offender and his federal sentence was enhanced. One is not convicted of being a "career criminal." Rather, this status is utilized as a basis to enhance a federal sentence. Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by § 2255 would be inadequate or ineffective. *See Collins v. Ledezma*, No. 10-6126, slip copy, 2010 WL

4

4263301, at *1 (10th Cir. Oct. 29, 2010); *Pryce v. Scism*, No. 1:10-CV-1680, slip copy, 2011 WL 41883 (M.D.Pa. Jan. 6, 2011); *McNack v. Ledezma*, No. CIV-09-1072-HE, slip copy, 2010 WL 3824159, at *5-7 & n.5 (W.D.Okla. Apr. 15, 2010); *Brown v. Rivera*, No. 9:08-CV-3177-PMD, slip copy, 2009 WL 960212, at *3 (D.S.C. Apr. 7, 2009). *But see Gilbert v. United States*, 609 F.3d 1159, 1166-67 (11th Cir. 2010) (holding defendant was actually innocent of being a career offender and was sentenced, in part, for a nonexistent offense–being a career offender with only one prior violent felony, thus entitling defendant to relief under the savings clause).

Finally, Webber is not entitled to relief to the extent he claims his prior Kansas convictions for conspiracy to sell cocaine, sale of cocaine, and possession with intent to sell cocaine do not constitute "controlled substances offenses" for sentence enhancement purposes because the offenses were only health code violations. According to Webber, the Kansas offenses, as defined in the Kansas health code, are "too broad to be considered drug trafficking offenses as defined under U.S.S.G. § 4B1.2." This claim was not foreclosed by circuit law at the time of Webber's trial, appeal, or § 2255 motion. *See Taylor v. United States*, 495 U.S. 575, 590-601 (1990). Webber cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack*, 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

5

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted, and Webber's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 15, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 15, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses

and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February __22__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE